UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHAEL S. GOTTLIEB,

Plaintiff,

v.

PHILIP BRIAN SPRADLING and
MOMENTUM LAW GROUP, LLC,

Defendants.

Case No. 2:25-cv-01249-JAD-EJY

**ORDER**

Pending before the Court is Plaintiff's Motion for Leave to File an Amended Complaint and Add Defendants. ECF No. 31. Specifically, Plaintiff is seeking to add two new Defendants (the Las Vegas Divorce and Custody Center, LLC and Momentum Family Law, LLC) and five new claims under federal and Nevada law. The Court considered Plaintiff's Motion, Defendant Spradling's Opposition (ECF No. 35), and Plaintiff's Reply (ECF No. 36). In all, the Court finds Plaintiff's proposed amended complaint fails to state a claim upon which relief can be granted and, thus, denies the Motion without prejudice.

**I.    Background**

Plaintiff filed his initial Complaint on February 13, 2025 in the United States District Court for the District of Maryland alleging trademark infringement against Spradling and Momentum Law Group LLC. ECF No. 1. After Spradling filed a Motion to Dismiss for Lack of Personal Jurisdiction, the Maryland Court transferred the case to the District of Nevada. ECF No. 20 at 3-4.

Plaintiff seeks leave to amend to add new claims and defendants arguing (1) Nevada state law claims only became available upon the change of venue, and (2) the amendments are timely because his investigation only recently discovered the existence of Las Vegas Divorce and Custody Center, LLC and Momentum Family Law, LLC. ECF No. 31 at 4. Plaintiff says his amendment will not prejudice the existing defendants as the conduct arises from the same set of facts; he likewise contends no prejudice arises as to the new defendants because they will be served in accordance with Fed. R. Civ. Pro. 4. *Id*. Plaintiff argues the amendments are not futile because the pleading complies

1

with the requirements of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). ECF No. 31 at 5. Plaintiff submits the amendments are not made in bad faith and there have been no prior amendments in this matter. *Id*.

Spradling's Opposition argues the amendments should be denied because Plaintiff's proposed amended complaint fails to state a claim. ECF No. 35 at 2. Spradling argues Plaintiff's proposed amended complaint does not satisfy the pleading standard under *Iqbal* and *Twombly* because Plaintiff's allegations are "vague, ambiguous, and conclusory …." *Id*. at 2-3. Spradling further submits that to the extent heightened pleading standard of Fed. R. Civ. Pro. 9(b) applies to Plaintiff's Counterfeiting and Cybersquatting claims, the pleading is insufficient.[1] *Id*. at 3.

Plaintiff replies that Spradling's Opposition is procedurally defective because it was submitted only by Spradling in proper person. ECF Nos. 36 at 2; 35 at 1. As Plaintiff points out, the Opposition does not indicate whether Momentum Law Group, LLC—an artificial entity—is represented by counsel as it must be. ECF No. 36 at 3-4. Plaintiff submits the heightened pleading standard of Rule 9(b) is inapplicable to the Counterfeiting and Cybersquatting claim and, each of his claims alleges sufficient facts to state a claim for relief. *Id*. at 4-9.

**II.    Discussion**

The Court has broad discretion to grant an amendment to a complaint and may freely do so "when justice so requires." Fed. R. Civ. P. 15(a)(2). Denial of a leave to amend may be justified if the proposed amendment will cause undue delay, undue prejudice to the opposing party, a request to amend is made in bad faith, a party has repeatedly failed to cure deficiencies, or the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 533 (9th Cir. 2008). Of these factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "The party opposing amendments bears the burden of showing prejudice, futility, or one of the other permissible reasons for denying a motion to amend." *Farina*

---

[1]    Defendant cites no law for the proposition the heightened pleading requirement of Rule 9(b) apply to claims for Trademark Counterfeiting or Cybersquatting. In fact, the Rule 9(b)'s pleading standard does not apply to these claims. *Rolex Watch U.S.A., Inc. v. Agarwal*, Case No. CV 12-06400 MMM (MRWx), 2012 WL 12886444, at *3 (C.D. Cal. Dec. 17, 2012).

*v. Compuware Corp.*, 256 F.Supp.2d 1033, 1060 (D. Ariz. 2003) (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

Spradling's Opposition is based solely on futility. ECF No. 35 at 2-7. Futility alone can be reason to deny leave to amend. *Novak v. U.S.*, 795 F.3d 1012, 1020 (9th Cir. 2015). When analyzing futility, courts employ the same legal standard as Fed. R. Civ. Pro. 12(b)(6). *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). In sum, the standard for futility requires a finding by the Court that there is no set of facts that can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense. *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018). While Plaintiff presently fails to state a claim, the Court cannot conclude that amendment is futile. Indeed, "[d]enial of leave to amend on this ground is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss." *Underwood v. O'Reilly Auto Enterprises, LLC*, 342 F.R.D. 338, 347 (D. Nev. 2022) (citing *in re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F.Supp. 1129, 1135-36 (N.D. Cal. 2008)).

### A.    Plaintiff is Granted Leave to Add New Defendants.

Plaintiff seeks to add Momentum Family Law and Las Vegas Divorce and Custody Center as additional defendants. ECF No. 31-1 at 2-3. Las Vegas Divorce and Custody Center is alleged to be the sole managing member of both Momentum Law Group and Momentum Family Law. *Id*. at 3. The Court finds case law supports the proposition that an owner or manager of an entity may be liable for trademark infringement. *See Russell Road Food and Beverage, LLC v. Galam*, Case No. 2:13-cv-00776-RFB-NJK, 2018 WL 1524878, at *6 (D. Nev. Mar. 27, 2018) (collecting cases). Spradling offers no argument to the contrary. ECF No. 35. The Court finds Las Vegas Divorce and Custody Center is properly named as a defendant. With respect to Momentum Family Law, the

entity is properly named as a Defendant because it is accused of the same wrongful conduct as Momentum Law Group. ECF No. 31 at 4. However, because Plaintiff fails to state a claim upon which relief may be granted, Plaintiff's instant Motion is denied as discussed below.

        B.     <u>Plaintiff's Amendment Fails to State Claims Upon Which Relief May be Granted</u>.

Plaintiff's proposed amended complaint offers substantial legal conclusions in the place of necessary factual allegations and, thus, fails to state claims for relief.

        *1.     Trademark Infringement (Lanham Act and Nevada Common Law), Counterfeiting, and Unfair Competition and False Designation of Origin*

To plead a trademark infringement claim under the Lanham Act, as well as under Nevada common law, Plaintiff must allege "(1) it has a valid, protectable trademark, and (2) that [defendant's] use of the mark is likely to cause confusion." *Applied Information Sciences Corp. v. eBAY, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007) (internal citations omitted); *Caesars World, Inc. v. Milanian*, 247 F.Supp.2d 1171, 1193 (D. Nev. 2003) ("The elements necessary to make out a claim of Nevada common law trademark infringement are identical to the elements necessary under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)."). Likewise, a claim for trademark counterfeiting "requires the plaintiff to show a likelihood of confusion." *Y.Y.G.M. SA v. Redbubble, Inc.*, 75 F.4th 995, 1004 (9th Cir. 2023) (citing *Arcona, Inc. v. Farmacy Beauty, LLC*, 976 F.3d 1074, 1079 (9th Cir. 2020). In fact, courts have described counterfeiting as "merely the hard core or first degree of trademark infringement." *Id*. (internal quotations removed). To state a false designation of origin claim, Plaintiff must allege "(1) defendant uses a designation (any word, term, name, device, or any combination thereof) or false designation of origin; (2) the use was in interstate commerce; (3) the use was in connection with goods or services; (4) the designation or false designation is likely to cause confusion, mistake, or deception as to (a) the affiliation, connection, or association of defendant with another person, or (b) as to the origin, sponsorship, or approval of defendant's goods, services, or commercial activities by another person; and (5) the plaintiff has been or is likely to be damaged by these acts." *BBK Tobacco & Foods, LLP v. Aims Grp. USA Corp.*, 723 F.Supp.3d 973 (D. Nev. 2024) (quoting *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 143 F.Supp.3d 982, 1015 (N.D. Cal. 2015)). When discussing these three claims, the core inquiry is "identical—is

there a likelihood of confusion?" *Slep-Tone Ent. Corp. v. Wired for Sound Karaoke & DJ Servs., LLC*, 845 F.3d 1246, 1249 (9th Cir. 2017) (internal citations and quotations omitted).[2]

Here, the Court finds Plaintiff fails to state trademark infringement, counterfeiting, unfair competition, and false designation of origin claims because Plaintiff repeatedly pleads the elements of each cause of action concluding there is a likelihood of confusion without referencing any facts in support of this key element of each claim. There appears to be no dispute, at least at this stage of proceedings, that Plaintiff owns the mark Momentum Law Group and has used the mark in connection with legal services since 2015. ECF No. 31-1 at 4-5. Plaintiff alleges that Defendants' used a similar mark—in particular, the word "Momentum"—also in connection with legal services. *Id*. at 8. Plaintiff then concludes these uses by Defendants are "likely to cause consumer confusion, and to deceive the public." *Id*. at 9. However, Plaintiff fails to include any facts to support a likelihood of confusion in connection with any of his three Lanham Act claims and additional Nevada common law trademark infringement claim.

Said simply, alleging various iterations of the conclusion that "Defendants' actions are likely to cause consumer confusion" does not meet even the minimal requirement of some facts showing how any particular action by any Defendant is likely to cause or has caused confusion. *See* ECF No. 31-1 at 9. As explained in, *Dougherty v. Bank of Am., N.A.*, 177 F.Supp.3d 1230 (E.D. Cal. 2016), conclusions do not satisfy the requirement to provide short and plain statements of fact supporting the elements of the claims against each Defendant. *Id.* ("When a plaintiff sues multiple defendants, the complaint 'must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2).'"). The Court finds Plaintiff's proposed amended complaint fails to allege facts in support of his "confusion" conclusion and, thus, fails to state claims for trademark infringement (under the Lanham Act and Nevada common law), counterfeiting, or unfair competition and false designation of origin.

---

[2] Courts consider the likelihood of confusion in accordance with the eight factors identified in *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979): "(1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines." *Punchbowl, Inc. v. AJ Press, LLC*, 90 F.4th 1022, 1027 (9th Cir. 2024) (internal quotations and citations omitted).

### 2. *Cybersquatting*

To state a claim for cybersquatting, Plaintiff must allege (1) defendant registered a domain name, (2) the domain name was "'identical or confusingly similar to' a mark that was distinctive at the time of registration, and (3) 'bad faith intent at the time of registration.'" *GoPets Ltd. v. Hise*, 657 F.3d 1024, 1030 (9th Cir. 2011) (citing 15 U.S.C. § 1125(d)(1)). Plaintiff's proposed amended complaint alleges Defendants registered a domain name for "momentumlawlv," this name is "identical or confusingly similar" to MOMENTUM LAW GROUP, and Defendants have acted in bad faith. ECF No. 31-1 at 14. Spradling argues the proposed amended complaint lacks any facts suggesting bad faith on the part of Defendants. ECF No. 35 at 6. While Plaintiff pleads facts that may establish bad faith at the time of registration,[3] Plaintiff again fails to allege any facts supporting confusion, which he must do to state this claim. *Deckers Outdoor Corp. v. Ozwear Connection Pty Ltd.*, Case No. CV 14-2307 RSWL FFMx, 2014 WL 4679001, at *9 (C.D. Cal. Sept. 18, 2014).

### 3. *Nevada Deceptive Trade Practices Act*

In order to state a cause of action under the Nevada Deceptive Trade Practices Act ("NDTPA") Plaintiff must allege "(1) defendant violated the NDTPA, (2) causing plaintiff, (3) damages." *Switch, Ltd. v. Uptime Inst., LLC*, 426 F.Supp.3d 636, 643 (D. Nev. 2019) (citing *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 658 (D. Nev. 2009)). The Court notes that it is unclear whether the heightened pleading requirements of Fed. R. Civ. Pro. 9(b) apply to all NDTPA claims or just those sounding in fraud,[4] however, resolving the issue at this stage is inconsequential because Plaintiff does not plead sufficient factual allegations to state this claim.

Plaintiff's proposed claim incorporates his previous conclusory allegations in support of his statement that Defendants committed a deceptive trade practice under NRS 598.0915(2)-(3) and NRS 598.0915(7). *See* ECF No. 31-1 at 15. As pleaded, Plaintiff does not include facts supporting violations of each element necessary to state a claim under any of these subsections. For example,

---

[3] Plaintiff alleges he contacted Defendants twice (once over email and once through physical mail), informing Defendants of Plaintiff's trademark and requesting immediate end to the "infringing" conduct. ECF No. 31-1 at 6. Despite having notice, Plaintiff alleges Defendants continued the "infringing" conduct and at one point, responded to Plaintiff stating it would not comply with his request. *Id.*

[4] *See Donor Network W. v. Nevada Donor Network, Inc.*, Case No. 3:23-cv-00632-ART-CSD, 2025 WL 326980, at *4 (D. Nev. Jan. 29, 2025) (collecting cases).

NRS 598.0915(2) concerns "a false representation as to the source, sponsorship, approval or certification of goods or services for sale or lease." However, Plaintiff does not demonstrate how any of the named Defendants made a false representation of services for sale. *See* ECF No. 31-1 at 15. Instead, Plaintiff cites *Aristocrat Techs., Inc. v. High Impact Design & Ent.*, Case No. 2:07-cv-01033-BES-LRL, 2009 WL 1811464, at *3 (D. Nev. June 23, 2009), for the proposition that by stating a trademark infringement claim (which he has not done because he fails to allege facts in support of confusion) he has also stated a claim under the NDTPA. ECF No. 36 at 9. However, *Aristocrat* addressed the NDTPA statute of limitations as properly applied to Lanham Act claims— not that the elements of the claims are identical.

Moreover, Plaintiff's pleading and argument are based on the supposition that use of the words "family law" by Defendants will lead people seeking legal advice to believe Defendants offer estate planning, which is a service offered by Plaintiff's "Momentum Law Group." ECF No. 36 at 6. Plaintiff then posits that this, in turn, will lead customers to incorrectly conclude Defendants are associated with Plaintiff. *Id*. However, Plaintiff's supposition is not fact and, therefore, does not state a NDTPA claim under NRS 598.0915(2). *Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").

Likewise, it is unclear whether Plaintiff is attempting to state a claim under subsection (5) or (7) of NRS 598.0915. Plaintiff repeatedly states he is alleging under subsection (7) but his proposed amended complaint states Defendants' conduct is a deceptive trade practice as to the "sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities" which is a jumble of the language that can be found under subsection (5). *Compare* ECF No. 31-1 at 15, *with* NRS 598.0915(5) (the definition of a deceptive trade practice includes knowingly making a false representation "as to the characteristics, ingredients, uses, benefits, alterations or quantities of goods or services for sale or lease or a false representation as to the sponsorship, approval, status, affiliation or connection of a person therewith."). Further, Plaintiff's Motion and Reply do not offer any support under Nevada law or elsewhere for the proposition that his claim, which relates to the names of law firms, is

properly brought under the NDTPA.  In sum, the proposed amended complaint fails to state claims under which relief can be granted.

C.  <u>Defendant Artificial Entities Must Appear Through Counsel.</u>

Artificial entities can only appear in federal court through licensed counsel.  *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993).  While the Court recognizes to some extent the moving papers and docket reflect two attorneys sparring outside of their typical practice, moving forward, all Defendant artificial entities must appear through counsel.

**III.  Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File an Amended Complaint and Add Defendants (ECF No. 31) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff may file a Renewed Motion to Amend, which must attach a proposed Second Amended Complaint that is complete in and of itself, **no later than March 13, 2026**.  The amended complaint must be titled "SECOND AMENDED COMPLAINT." Plaintiff is advised that given his sophistication as an attorney in practice for numerous years, additional amendments are not likely to be granted.

Dated this 26th day of February, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

8